JOURNAL ENTRY and OPINION
Appellant herein, Kamil Abadir, appeals from the trial court's award of legal fees to Jonathan Greenberg, the court appointed receiver in this matter.
Appellant Abadir filed a lawsuit in the Cuyahoga County Court of Common Pleas alleging, among other causes of actions, fraud and breach of contract against defendants Adel Fanous and Nabil Abdalla. The defendants filed counterclaims against the appellant. The allegations arose out a series of dealings between the parties in connection with an entity known as the AF Corporation in which they were all shareholders. The corporation owned and operated a building in Berea containing two apartments, a grocery store and a beverage store.
Eventually, after a bankruptcy stay and a referral to mediation, the case proceeded to trial. The jury found against the appellant on his complaint and against the defendants on their counterclaims. The case was then appealed, but was settled as between the principals prior to oral argument. The only issue currently before this court is the reasonableness of the receiver fees awarded to the court appointed receiver. The fees submitted by the receiver were for expenses incurred in the collection of rents from tenants of the building, as well as for supervision of repairs, attendance at court hearings and operation of the property.
Initially, the receiver submitted an itemized statement in the amount of $15,325.81 for fees and expenses incurred in the performance of his duties, together with his final report. The trial court awarded the receiver the amount of $9,179.70, but gave the appellant a credit in the amount of $1,408.00 for payments that had already been made to the receiver.
The appellant filed the within appeal from the ruling of the trial court on the issue of the reasonableness of the receiver fees. Appellant alleges both that the fees awarded to the receiver are excessive and that the court failed to properly consider income received by the receiver during the course of his operation of the property and to credit appellant accordingly.[1]
Appellee/receiver has not filed a brief with this court. App.R. 18(C) states in pertinent part:
 * * * If an appellee fails to file his brief within the time provided by this rule * * * in determining the appeal, the court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action.
We conclude, based upon our reading of the appellant's brief, that the statement of facts therein does reasonably sustain a reversal of the trial court's judgment. There is nothing in the record which independently demonstrates the reasonableness of the fees awarded by the court. Loc.R. 26 provides a fees schedule for appointed receivers for the collection of rents, for extraordinary repairs and for the supervision of such repairs. It appears to this court that there are legitimate issues as to whether the fees awarded to the receiver in this case are in compliance with Loc.R. 26's fee schedule.
Accordingly, we reverse the trial court's award of attorney fees and remand this matter for an evidentiary hearing on the issue of the reasonableness of appellee's fees and whether they are in conformance with Loc.R. 26.
Judgment reversed and remanded.
This cause is reversed and remanded for proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellees his costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, P.J., and ANN DYKE, J., CONCUR.
[1] Appellant's assignments of error are as follows:
 ASSIGNMENT OF ERROR NO. 1: THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANT'S MOTION TO PAY MONEY TO APPELLANT.
 ASSIGNMENT OF ERROR NO. 2: THE TRIAL COURT ABUSED ITS DISCRETION IN AWARDING THE RECEIVER THE SUM OF $2,865.32 AS REIMBURSEMENT FOR EXTRAORDINARY REPAIRS.
 ASSIGNMENT OF ERROR NO. 3: THE TRIAL COURT ABUSED ITS DISCRETION IN CALCULATING THE NUMBER OF HOURS BILLED BY THE RECEIVER.